# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OTHA U. MCCOY II, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | No. 17 C 3232 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to dismiss the complaint is granted for the reasons set forth below.

## BACKGROUND

This is an action by Otha U. McCoy II to obtain a refund of income tax, penalties, and interest he paid the Internal Revenue Service ("IRS") through wage and refund levies following an audit of his 1994 personal income tax return. Plaintiff alleges that at the time of the audit, he was employed as an undercover Chicago police officer in a tactical unit that was under investigation by the Internal Affairs Division of the Chicago Police Department and the Federal Bureau of Investigation for "alleged shakedowns" of drug dealers. (ECF No. 1, Compl. ¶¶ 9-19.) Plaintiff's theory is that his tax audit was initiated in connection with the investigations, as "illegal leverage and punishment" to implicate him in wrongdoing. (*Id.* at 5.) The complaint contains three counts, labeled "Violation of Taxpayer Bill of Rights" (Count I); "Harassment" (Count II); and "Fruits of the Poisonous Tree" (Count III). (*Id.* at 5-7.) The judgment sought is $64,710.16, "plus penalties and interest paid by Plaintiff, interest on such amounts and such amounts this court may deem be [sic] legally just, including costs and attorney fees." (*Id*. at 7.)

The government moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim.

## LEGAL STANDARDS

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences from the allegations in favor of the plaintiff. *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 604 (7th Cir. 2008) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). If the defendant factually attacks the plaintiff's assertion of subject-matter jurisdiction, the court may look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing*, 999 F.2d at 191. Plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of proving the existence of that jurisdiction. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff asserts jurisdiction based on 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. (Compl. ¶ 2.) The former confers upon district courts jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The Supreme Court has held that "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). The first is § 7422(a), which limits a taxpayer's right to bring a refund suit by providing:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *Dalm*, 494 U.S. at 601-02; *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520 (7th Cir. 2008) (stating that § 7422(a) "has long been considered a jurisdictional prerequisite"); *see also Jackson v. United States*, 100 Fed. Cl. 34, 42 (2011) ("Essentially, section 7422(a) functions as a waiver of the government's sovereign immunity in tax refund suits."). A second condition for refund suits is found in 26 U.S.C. § 6511(a), which provides that if a taxpayer is required to file a return with respect to a tax, he must file any claim for refund within three years from the time the return was filed or two years from the time the tax

was paid, whichever period expires later.[1] *Dalm*, 494 U.S. at 602. "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." *Id.* Additional prerequisites for seeking a refund are found in 26 U.S.C. § 6532(a), which states that a suit or proceeding under § 7422(a) may not be commenced sooner than six months from the date the refund claim was filed (unless the IRS renders a decision within that time), nor later than two years from the date of the mailing by certified mail of the IRS's notice of disallowance of the claim. *See Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) ("In view of the plain language of [§§ 7422(a) and 6532(a)], it is settled that unless the taxpayer has first filed a proper claim with the Internal Revenue Service, a court lacks subject matter jurisdiction over a suit for refund.").

The government argues that because plaintiff did not meet these statutory requirements, the Court lacks jurisdiction to hear plaintiff's refund claim. The record shows that on February 15, 2011, plaintiff filed an administrative claim with the IRS in which he sought a $150,000.00 refund in connection with the 1994 "erroneous audit," which plaintiff claimed "erroneously resulted in assessment of tax and penalty and funds seized in 2009 and prior years." (ECF No. 6-3.) Under § 6511, the limitations period relevant to that claim would be two years from the time the tax was paid. IRS records show that by the beginning of the two-year period prior to the

---

[1] The statute further provides that if the refund claim was not filed within three years from the filing of the return, "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." 26 U.S.C. § 6511(b)(2)(B). In other words, the taxpayer can recover only those taxes that were paid within the two years preceding the filing of the claim.

filing of plaintiff's administrative claim, plaintiff had already paid $68,595.80 toward his 1994 tax debt, penalties, and interest, and he had paid off the entire tax deficiency itself (as distinguished from penalties and interest) well in advance of that date. (ECF No. 6-1, Decl. of Mayer Y. Silber ¶¶ 6-7.) Because plaintiff cannot recover amounts paid *before* the two years preceding the filing of the claim, plaintiff's claim for a refund of those amounts therefore was not "duly filed" under § 7422(a). *See Castaners v. United States*, No. 11 C 5130, 2012 WL 1802151, at *3 (N.D. Ill. May 16, 2012).

As for the remaining amounts plaintiff paid *during* the two-year period before he filed his administrative claim, plaintiff's claim as to those funds is barred by § 6532, the limitations period applicable to this lawsuit. The record indicates that the IRS denied plaintiff's administrative claim in a notice of claim disallowance sent by certified mail on June 22, 2012. (ECF No. 6-4.) Under § 6532, plaintiff had two years from the denial of his claim to bring suit, but he filed the instant action on April 28, 2017, well after the expiration of that period.

Plaintiff does not dispute the evidence submitted by the government, nor does he present any argument regarding the timeliness of his administrative claim or this lawsuit. But he does contend that the requirements set forth in § 7422(a) do not apply here "because of the ongoing concealment of information vital to his claim." (ECF No. 10, Pl.'s Resp. Def.'s Mot. Dismiss at 2.) Plaintiff cites no authority for this argument, which is rejected. It is well established that the United States cannot be sued without its consent and that the terms of its consent define the Court's jurisdiction, *Dalm*, 494 U.S. at 608, and that any waiver of the government's immunity from suit must be unequivocally expressed, *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). Plaintiff's additional contentions that the limitations periods do not apply because the IRS considered his (partially) untimely administrative claim and because plaintiff alleges violations

5

of his "fundamental rights" under the Fourth, Fifth, and Fourteenth Amendments (through his claims for "harassment" and "fruits of the poisonous tree") are unsupported by authority and without merit.

Furthermore, plaintiff's invocation of the "Taxpayer Bill of Rights" does not preclude dismissal. Plaintiff alleges that under the "IRS Taxpayer Bill of Rights (Title 26 USC)," he has the right to a fair and just tax system, to be informed, and to pay the correct tax and no more than is due. (Compl. ¶ 20.) According to plaintiff, the IRS violated these rights by failing to allow him "to see IRS paperwork initiating or justifying" the 1994 audit; assessing more tax than he was required to pay; and treating plaintiff "unfairly." (Compl. ¶¶ 20-25.) Plaintiff does not refer to any particular statute or regulation, and the government points out that the provision commonly referred to as the "Taxpayer Bill of Rights" is 26 U.S.C. § 7433, which does not list any rights but simply allows taxpayers to bring civil actions for damages against IRS employees who recklessly, intentionally, or negligently disregard the tax code when collecting taxes. 26 U.S.C. § 7433(a). Section 7433 provides a remedy only for improper collection activities, not for an improper assessment of taxes. *See Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (explaining how the conduct is different and that "to prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets"); *Bolden v. United States*, No. 12 C 1440, 2013 WL 389028, at *4 (N.D. Ill. Jan. 31, 2013) ("Any harm suffered must relate to the manner of federal tax collection, not the assessment."); *Henry v. United States*, No. 07 C 4813, 2007 WL 4941854, at *1 (N.D. Ill. Dec. 21, 2007). Plaintiff challenges the audit and assessment of taxes, not their intentional, reckless, or negligent collection, so he does not state a claim for relief under § 7433.

Nor could he, because (1) § 7433 contains an exhaustion-of-remedies requirement, and plaintiff does not contend in response to the government's motion that he exhausted his administrative remedies with respect to any claim for unauthorized collection activities; and (2) any § 7433 claim would be barred by the applicable two-year statute of limitations, 26 U.S.C. § 7433(d)(3).

Because plaintiff did not comply with the conditions required to waive the sovereign immunity of the United States, this Court does not have jurisdiction to consider plaintiff's refund claim. That determination disposes of this case in light of the fact that a refund is the only relief plaintiff seeks. The poorly-drafted nature of the complaint filed by counsel, however, compels the Court to further state that to the extent that plaintiff is attempting to seek any other relief, he fails to state a claim upon which relief can be granted. Plaintiff pleads no factual content that allows the Court to draw the reasonable inference that the United States is liable for the misconduct alleged.

## CONCLUSION

Defendant's motion to dismiss the complaint [6] is granted for lack of subject-matter jurisdiction. Civil case terminated.

**DATE**: November 21, 2017

_____
**Ronald A. Guzmán
United States District Judge**